UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DUR PROPERTIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:13-CV-350 |
| | § | |
| SCOTTSDALE INSURANCE | § | |
| COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is the motion to remand, filed by Plaintiff DUR Properties, LLC.[1] Defendant Scottsdale Insurance Company ("Scottsdale") has filed a response in opposition,[2] to which Plaintiff then filed a reply.[3] After considering the motion, response, reply, record, and relevant authorities, the Court **GRANTS** the motion to remand.

I. **BACKGROUND**

On April 29, 2013, Plaintiff filed its original complaint in state court, asserting various claims relating to insurance coverage of property damage caused by a major meteorological event on April 20, 2012.[4] On July 3, 2013, Defendants Scottsdale and Diane Waller ("Waller") removed the action to this Court on the basis of diversity jurisdiction, asserting the improper joinder of the only non-diverse defendant, Wardlaw.[5] On July 30, 2013, Plaintiff filed the instant motion to remand.[6] Consideration of the motion, however, was delayed pursuant to the Court's

---

[1] Dkt. No. 9 ("Motion to Remand").
[2] Dkt. No. 11 ("Response").
[3] Dkt. No. 12 ("Reply").
[4] *See* Dkt. No. 1, Attach. 3 ("Petition").
[5] *See* Dkt. No. 1 ("Notice of Removal") at ¶ 11.
[6] *See* Motion to Remand.

order of abatement until September 30, 2013.[7] On that day, Scottsdale filed its response and Plaintiff filed its reply three short days later.[8]

## II. DISCUSSION

### a. Legal Standard

The Court does not have subject matter jurisdiction under 28 U.S.C. § 1332 unless the parties are completely diverse and the amount in controversy exceeds $75,000.[9] In light of the conjunctive requirements of the statute, failure to satisfy the diversity requirement is fatal to subject matter jurisdiction and, therefore, to a successful removal.

The Court notes that "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[10] At the same time, the Fifth Circuit has described the doctrine of improper joinder as "a narrow exception to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one."[11] "[T]he Court must resolve all ambiguities of state law in favor of the non-removing party."[12]

When the Court is considering whether a party was improperly joined, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[13] The Court "determin[es] removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal."[14] The Court notes that a 12(b)(6)-*type* analysis is distinguishable from a pure-12(b)(6) analysis; in the improper joinder context, the Court

---

[7] Dkt. No. 10.
[8] *See* Response & Reply.
[9] 28 U.S.C. § 1332(a).
[10] Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted).
[11] Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (internal quotation marks and citations omitted).
[12] *Id*. (internal quotation marks and citation omitted).
[13] Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citations omitted).
[14] Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).

evaluates the petition under the state-court pleading standards.[15] The Supreme Court of Texas has stated:

> In determining whether a cause of action was pled, plaintiff's pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty and without resorting to information aliunde the elements of plaintiff's cause of action and the relief sought with sufficient information upon which to base a judgment.[16]

In other words, the pleading must state a cause of action and give fair notice of the relief sought.[17]

As an initial matter, the Court clarifies that an adjusting company, such as Wardlaw, is a "person" as defined by the Texas Insurance Code, and is subject to the requirements thereof.[18] As one of the bases opposing remand, Scottsdale contends that Plaintiff has not pled sufficient facts to create a possibility of recovery against Wardlaw.[19] However, the petition directs several allegations against Defendants collectively, including:

> Defendant Wardlaw is a domestic adjusting company engaged in the business of adjusting insurance claims in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Registered Agent: William F. Wardlaw, 8416 Old McGregor Rd., Waco, Texas 76712.[20]

> This Court has jurisdiction over Defendant Wardlaw because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.[21]

---

[15] *See* De La Hoya v. Coldwell Banker Mexico, Inc., 125 Fed. Appx. 533 (5th Cir. 2005). For Judge Rosenthal's thorough explanation of why the Court uses the state court pleading standards in the improper joinder context, *see* Edwea, Inc. v. Allstate Ins. Co., No. H-10-2970, 2010 WL 5099607 (S.D. Tex. Dec. 8, 2010).
[16] Stoner v. Thompson, 578 S.W.2d 679, 683 (Tex. 1979) (citation omitted).
[17] *Id. See also*, TEX. R. CIV. P. 45 & 47.
[18] *See* TEX. INS. CODE § 541.002(2) (defining "person" as a corporation, association, partnership or other legal entity engaged in the business of insurance). *See also* TEX. INS. CODE § 4101.001(a)(1) (defining "adjuster" as a person who: . . . (A) investigates or adjusts losses on behalf of an insurer as an independent contractor or as an employee . . . or (B) supervises the handling of claims).
[19] *See* Response at ¶¶ 9 & 10.
[20] *See* Petition at ¶ 4.
[21] *See id.* at ¶ 9.

Defendant Scottsdale assigned Defendant Wardlaw to adjust the claim. Defendants Scottsdale and/or Wardlaw then assigned Defendant Corey and Defendant Waller as the individual adjusters on the claim. The adjusters assigned to Plaintiff's claims were improperly trained and failed to perform a thorough investigation of Plaintiff's claim.[22]

Together, Defendants Scottsdale, Wardlaw, Corey and Waller set about to deny and/or underpay on properly covered damages. As a result of these Defendants' unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiff, as well as underscoping the damages during their investigation and thus denying any payment to Plaintiff to repair its business, Plaintiff's claim was improperly adjusted. The mishandling of Plaintiff's claim has also caused a delay in its ability to fully repair its business, which has resulted in additional damages.[23]

Defendants Scottsdale, Wardlaw, Corey and Waller misrepresented to Plaintiff that the damages to the Property was [sic] not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Scottsdale's, Wardlaw's, Corey's and Waller's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.[24]

Defendants Scottsdale, Wardlaw, Corey and Waller knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.[25]

The above allegations are emphasized against Wardlaw specifically in a section, subtitled "Causes of Action Against Wardlaw."[26]

Defendant Wardlaw's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code. § 541.060(a). All violations under this article are made actionable by Tex. Ins. Code. § 541.151.[27]

Defendant Wardlaw's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(1).[28]

Defendant Wardlaw's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes

---

[22] *See id.* at ¶ 19.
[23] *See id.* at ¶ 21
[24] *See id.* at ¶ 25.
[25] *See id.* at ¶ 34.
[26] See *id.* at p. 12.
[27] *See id.* at ¶ 45.
[28] *See id.* at ¶ 46.

an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(7).[29]

Upon initial inspection, the petition appears to sufficiently allege that Wardlaw violated § 541.060 of the Texas Insurance Code, which states in relevant part:

> (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary: . . . (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; . . . (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim; . . . .[30]

The Court now considers the arguments against the sufficiency of the pleadings by Scottsdale. Scottsdale first contends that the petition lacks the requisite factual fit between the factual allegations against Wardlaw and the pleaded theory of recovery.[31] In support of this contention, Defendant first cites to *Griggs v. State Farm Lloyds*,[32] but erroneously describes the case as considering the fraudulent joinder of "an independent adjuster," rather than the insurance agent from whom Griggs procured the policy.[33] Defendant then attempts to analogize the allegations in *Griggs* with those of Plaintiff's in this case, stating that Plaintiff "likewise does not identify the particular representations which caused the damages."[34] While that is true of both the instant plaintiff and that in *Griggs*, the petition in *Griggs* was much more deficient, as it "mention[ed] [the agent-defendant] once in passing, then fail[ed] to state any specific actionable conduct on her part whatsoever. . . ."[35]

Even lacking verbatim language of the alleged misrepresentation, the petition sufficiently alleges a cause of action against Wardlaw. In the first instance and as discussed above, the Court

---

[29] *See id.* at ¶ 49.
[30] TEX. INS. CODE ANN. § 541.060 (West Supp. 2011).
[31] *See* Response at ¶ 12.
[32] *See id.* (citing Griggs v. State Farm Lloyds, 191 F.3d 694, 701 (5th Cir. 1999)).
[33] *Compare id. with Griggs*, 181 F.3d at 695 (describing the non-diverse defendant as an independent agent through whom the plaintiff procured the insurance policy).
[34] Response at ¶ 13.
[35] *Griggs*, 181 F.3d at 699.

evaluates the petition under the more-liberal, state-court pleading requirements, which does not require the specificity of misrepresentation allegations which would otherwise be necessary under the requirements of Federal Rule of Civil Procedure 9(b).[36] As set out above, Plaintiffs allegations indicate that the misrepresentations related to the extent to which damages to the property existed or were covered by the policy.

Secondly, the Court is persuaded by the Fifth Circuit decision in *Gasch v. Hartford Accident and Indemnity Company*, in which the Court distinguished its prior holding in *Hornbuckle v. State Farm Lloyds*, a case cited by Defendant in the response.[37] The *Gasch* Court *sua sponte* considered jurisdiction due to an assertion of improper joinder, ultimately holding that the propriety of the non-diverse defendant's joinder vitiated federal jurisdiction.[38] In doing so, the *Gasch* Court reiterated its prior holding in *Smallwood*, i.e. that "there is no improper joinder if a defense compels the same result for the resident and nonresident defendants."[39]

In this case, the petition alleges Wardlaw's role as an adjusting company, such that it is a "person" subject to the insurance code. The petition further alleges that Wardlaw did not conduct a reasonable investigation and engaged in misleading or deceptive behavior, i.e. that Wardlaw violated portions of § 541.060 of the insurance code.[40] The petition alleges Wardlaw's involvement as a defendant which assigned the adjusters to the claim, a supervisory role such that it is subject to the same strictures as that of the other defendants.[41] This undercuts Defendant's argument that the petition fails to sufficiently allege a claim because it does not exclusively specify that Wardlaw assigned either of the two individual adjusters to the claim.

---

[36] *See* fn. 15, *supra*.
[37] *See* Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278 (5th Cir. 2007) (citing Hornbuckle v. State Farm Lloyds, 385 F.3d 538, 543 (5th Cir. 2004)).
[38] *See Gasch*, 491 F.3d at 283.
[39] *Id*. (citing *Smallwood*, 385 F.3d at 574) (internal citations omitted).
[40] *See* TEX. INS. CODE ANN. § 541.060 (West Supp. 2011).
[41] *See* fn. 22, supra.

Plaintiff's allegation that "Scottsdale and/or Wardlaw" assigned the claim to the individual adjusters does not limit the scope of the allegation, and is consistent with the other allegations that the coordinated actions of all defendants gave rise to the claims.

Defendant argues against Wardlaw's ability to commit the act of misrepresentation because "Plaintiff is not in privity of contract and can show no basis of recovery against Wardlaw. Wardlaw is not the carrier and does not make coverage decisions."[42] However, the allegations invalidate this argument. The petition alleges, and Defendant does not deny, that Scottsdale assigned Wardlaw as an adjusting company in this case. This derivative authority to make coverage determinations and representations was then assigned by Wardlaw to one or both of the individual adjusters,[43] over whom Wardlaw served in an allegedly supervisory capacity. As a result, the allegations are sufficient to survive the improper joinder analysis.

Finally, Defendant's argument that allegations of post-loss misrepresentations are not actionable does not prevent remand. This is because the allegations that Wardlaw violated the Texas Insurance Code by failing to conduct a reasonable investigation are sufficient to establish the propriety of Wardlaw's joinder.

---

[42] Response at ¶ 3.
[43] Although Defendant has provided the affidavit of Defendant Waller attesting that she is an employee of Defendant, Defendant does not dispute that the other individual adjuster-defendant, Lee Corey, was assigned the claim by Wardlaw.

### III. Conclusion

As described above, the allegations in the complaint are sufficient to establish the propriety of Wardlaw's joinder in the state-court action. For the foregoing reasons, the Court **GRANTS** the motion to remand and **REMANDS** this action to the 206th District Court of Hidalgo County, Texas.

IT IS SO ORDERED.

DONE this 15th day of October, 2013, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE